1  BOWMAN AND BROOKE LLP
   Brian Takahashi (SBN: 146505)
2  Theodore Dorenkamp III (SBN: 277004)
   Bryan A. Reynolds (SBN: 296434)
3  970 West 190th Street, Suite 700
   Torrance, California 90502
4  Tel No: 310/ 768-3068
   Fax No: 310/ 719-1019
5
   Attorneys for Defendants
6  JAGUAR LAND ROVER NORTH AMERICA, LLC

7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 ARMANDO CERVANTES, an           )  CASE NO.:
   individual and JOSLYNN FAITH    )
12 DELGADO, an individual          )  (Removed from the Superior Court of
                                   )  Fresno County, California, Case No:
13              Plaintiffs,        )  23CECG01885)
                                   )
14      vs.                        )  **NOTICE OF REMOVAL TO THE**
                                   )  **UNITED STATES DISTRICT COURT**
15 JAGUAR LAND ROVER NORTH         )  **FOR THE NORTHERN DISTRICT OF**
   AMERICA, LLC., a Delaware       )  **CALIFORNIA UNDER 28 USC § 1441**
16 Limited Liability Company, and  )  **(DIVERSITY JURISDICTION); AND**
   DOES 1 through 10, inclusive,   )  **DECLARATION OF BRYAN A.**
17                                 )  **REYNOLDS, EXHIBITS A-B**
                Defendants.        )
18                                 )  Action Filed:    May 17, 2023
                                   )  Trial:
19

20      **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

21 **THE EASTERN DISTRICT OF CALIFORNIA:**

22      Defendant Jaguar Land Rover North America, LLC ("JLRNA") hereby

23 removes this case to the United States District Court for the Eastern District of

24 California pursuant to 28 U.S.C. section 1441(b) & (c), based upon diversity

25 jurisdiction as defined by 28 U.S.C. section 1332.

26      The basis for removal is as follows:

27      1.    On May 17, 2023, Plaintiffs Armando Cervantes and Joslynn Faith

28 Delgado ("Plaintiffs") filed a complaint in the Superior Court of the State of

California, Fresno County, titled *Armando Cervantes and Joslynn Faith Delgado v. Jaguar Land Rover North America, LLC*, Case No. 23CECG01885 ("Action"), alleging causes of action relating to Plaintiffs' purchase of a 2020 Jaguar F-PACE Prestige, VIN: SADCM2FV9LA626634 (hereinafter "Subject Vehicle"), against defendant Jaguar Land Rover North America, LLC (hereinafter "JLRNA"). The complaint alleges violations of the Song-Beverly Consumer Warranty Act under California Civil Code section 1790 *et seq.* (See Declaration of Bryan Reynolds ("Reynolds Decl."), ¶ 2, **Exhibit A**)

2.     JLRNA was served with Plaintiffs' Summons and Complaint on May 26, 2023, through its designated agent for service of process. (Reynolds Decl., ¶ 3, **Exhibit A**)

3.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and it is one which may be removed to this Court by defendant JLRNA pursuant to 28 U.S.C. section 1441(b) because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs (Reynolds Decl., ¶¶ 4, 5, 6 & 7)

4.     This removal is timely filed as it is filed within 30 days after JLRNA's receipt of "the pleading, Motion, Order or other paper from which is could first be ascertained that the case is one which is removable." 28 US 1446(b)(3). (Reynolds Decl., ¶ 3)

5.     The Superior Court of the State of California for the County of Fresno is located in the Eastern District of California. Therefore, venue is proper pursuant to 28 U.S.C. section 84 because this is the "district and division within which such action is pending . . . ." (*See* 28 U.S.C. §1446(a).)

6.     No previous application has been made for the relief requested herein.

7.     Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Fresno.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§1331, 1332, AND 1441

### A.    Diversity of Citizenship Exists

8.    There is a complete diversity of citizenship. The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction.  For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).)  A party's residence is *prima facie* evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent.  *See, e.g., State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  (28 U.S.C. §1332(c)(1).)

9.    A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable…" (28 U.S.C. §1446(b)(3).)

10.    Plaintiffs, at the time this action was commenced, were and still are citizens of the State of California.  Specifically, Plaintiffs were and still are residents of the City of Sanger, Fresno County, California, which is reflected by the allegations in the complaint, paragraph 2, and the sales and repair records for the vehicle. (*See* Reynolds Decl., ¶ 6, **Exhibits A-C**)

11.    Defendant JLRNA, at the time this action was commenced, was and still is a single-member limited liability company, organized under the laws of the State of Delaware, has its principal places of business in the State of New Jersey,

1  and was not and is not organized under the laws of the State of California, wherein
2  this action was brought. JLRNA's sole member is Jaguar Land Rover Limited.
3  Jaguar Land Rover Limited is a British-incorporated Private Limited Company
4  with its principal place of business located in Coventry, England. (Reynolds Decl.,
5  ¶ 7)

6     12.    Complete diversity between Plaintiffs and JLRNA exists as of the
7  time the action was commenced in state court and at the time of removal. JLRNA
8  is the only named defendant. "Doe" defendants may be ignored for removal
9  purposes. See *Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir.
10 1984).

11    **B.    The Amount in Controversy Requirement Under Diversity Is**
12 **Satisfied**

13    13.    The amount in controversy requirement is satisfied. The amount-in-
14 controversy exceeds $75,000.00, exclusive of interest and costs, for the following
15 reasons:

16    (i)    The action arises out of Plaintiffs' lease of the Subject Vehicle, on or
17           about October 11, 2019, from Haron Motor Sales, Inc. Pursuant to the
18           Lease Agreement, the agreed upon value of the Subject Vehicle is
19           $73,765.00 and the total amount of payments under the lease
20           agreement is $41,173.72. (Reynolds Decl., ¶ 4, **Exhibit B**)

21    (ii)   Plaintiffs allege that they are entitled to all incidental, consequential,
22           and general damages. (Reynolds Decl., ¶ 5)

23    (iii)  Plaintiffs allege that they are entitled to restitution. (Id.)

24    (iv)   Plaintiffs allege that they are entitled to recover costs, including
25           attorney's fees. (Id.)

26    (v)    Plaintiffs also allege that they entitled to recover a civil penalty of two
27           times actual damages under the Song-Beverly Consumer Warranty
28           Act, Cal. Civ. Code section 1790, et seq. (Id.)

14.    Plaintiffs' complaint seeks in excess of $123,521.16 in monetary damages and civil penalties, not including other compensatory damages or attorneys' fees. (*See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (U.S.D.C. N.D. Cal., 2002) (attorney fees and civil penalties under California Song-Beverly Consumer Warranty Act are included in determining whether amount in controversy for diversity jurisdiction was satisfied as civil penalties under the Act, allowing up to two times the amount of actual damages as well as compensatory damages, are akin to punitive damages).) In *Brady*, the Court noted that Mercedes Benz USA submitted a declaration detailing fee awards in similar lemon law cases wherein attorney's fees of over $60,000 were awarded. 243 F. Supp. 2d at 1011. Accordingly, the amount in controversy is satisfied.

15.    Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal court unless plaintiff cannot possibly recover that amount. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). Notably, although Plaintiffs seek restitution under the California's Song-Beverly Act, and although the Song-Beverly Act provides for an offset based on miles driven by a plaintiff, the Song-Beverly Act calculates its mileage offset by using a denominator of 120,000 and a numerator based on the mileage attributable to use by the buyer. Cal. Civ. Code § 1793.2(d)(2)(C). Even using the last known mileage of the vehicle, 19,811 as of September 26, 2022 (see Reynolds Decl., ¶ 4, Ex. C), any such offset would not be enough to establish as a legal certainty an

amount in controversy of less than $75,000. Lastly, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens* (2014) 135 S.Ct. 547, 554.

16.    This removal notice is timely filed as it is filed "…within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" pursuant to 28 U.S.C. section 1446.  Therefore, removal of this case is proper.

17.    JLRNA will promptly notify Plaintiffs and the Superior Court of this removal as required by 28 U.S.C. section 1446(d).

18.    JLRNA attaches to this Notice of Removal a copy of its Answer to Plaintiffs' Complaint filed in Fresno County Superior Court prior to the filing of this Notice of Removal.  No other documents have been filed in the state court prior to removal by JLRNA.  See Reynolds Decl., Ex. D.

DATED:  June 26, 2023                BOWMAN AND BROOKE LLP


BY: _____*/s/ Bryan A. Reynolds*_____
Brian Takahashi
Theodore Dorenkamp III
Bryan A. Reynolds
Attorneys for Defendants
JAGUAR LAND ROVER NORTH
AMERICA, LLC

## DECLARATION OF BRYAN REYNOLDS

I, Bryan Reynolds, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and the Eastern District of California. I am an attorney at Bowman and Brooke LLP, attorneys of record for Jaguar Land Rover North America, LLC ("JLRNA"). I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto.

2. On May 17, 2023, Plaintiffs Armando Cervantes and Joslynn Faith Delgado filed a complaint in the Superior Court of the State of California, Fresno County, titled *Armando Cervantes and Joslynn Faith Delgado v. Jaguar Land Rover North America, LLC*, Case No. 23CECG01885 ("Action"), alleging causes of action relating to Plaintiffs' purchase of a 2020 Jaguar F-PACE Prestige, VIN: SADCM2FV9LA626634 ("Action"), against defendant Jaguar Land Rover North America, LLC (hereinafter "JLRNA"). The complaint alleges violations of the Song-Beverly Consumer Warranty Act under California Civil Code section 1790 *et seq.* A true and correct copy of Plaintiffs' Summons and Complaint are attached hereto as **Exhibit A**.

3. JLRNA was served with Plaintiffs' Summons and Complaint on May 26, 2023, through its designated agent for service of process.

4. The action arises out of Plaintiffs' lease of the Subject Vehicle, on or about October 11, 2019, from Haron Motor Sales, Inc. Pursuant to the Lease Agreement, the agreed upon value of the Subject Vehicle is $73,765.00 and the total amount of payments is $41,173.72. A true and correct copy of Plaintiffs' Lease is attached hereto as **Exhibit B**, redacted to remove Plaintiffs' street address but indicating their residence as in Sanger, Fresno County, California. A true and correct copy of repair documents dated September 26, 2022indicating Plaintiffs' residence in Fresno County, California and the last known mileage of the vehicle prior to the filing of this lawsuit at 19,811 miles is attached hereto as **Exhibit C**

1  (again redacted to remove Plaintiffs' street address but showing their residence n

2  Sanger).

3      5.      Plaintiffs also seek a civil penalty of two times actual damages,

4  incidental and consequential damages, and attorneys fees. Thus Plaintiffs seek in

5  excess of $123,521.16, three times the total amount of payments under the Lease

6  Agreement.

7      6.      Plaintiffs, at the time this action was commenced, were and still are

8  citizens of the State of California. Specifically, Plaintiffs were and still are

9  residents of the City of Sanger, State of California which is reflected by the

10  allegations in the complaint, paragraph 2 of **Exhibit A**, and the Lease contract and

11  service records, **Exhibits B and C**.

12      7.      Defendant JLRNA, at the time this action was commenced, was and

13  still is a single-member limited liability company, organized under the laws of the

14  State of Delaware, have their principal places of business in the State of New

15  Jersey, and was not and is not organized under the laws of the State of California,

16  wherein this action was brought. JLRNA's single member is Jaguar Land Rover

17  Limited, a British-incorporated Private Limited Company, with its principal place

18  of business located in Coventry, England.

19      8.      No previous application has been made for the relief requested herein.

20      9.      Attached hereto as **Exhibit D** is a true and correct copy of the Answer

21  to Plaintiffs' complaint filed in Fresno County Superior Court prior to the filing of

22  this Notice of Removal.

23      I declare under penalty of perjury under the laws of the United States of

24  America that the foregoing is true and correct.

25      Executed this 26 day of June, 2023, at Torrance, California.

26

27                            */s/Bryan A. Reynolds*

28                           Bryan A. Reynolds

# EXHIBIT A



null / ALL
**Transmittal Number: 27005420**
**Date Processed: 05/29/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Christine DiDomizio<br>Jaguar Land Rover North America, LLC<br>100 Jaguar Land Rover Way<br>Mahwah, NJ 07495-1100 |
| **Electronic copy provided to:** | Ramsey Ong<br>Nadira Kirkland<br>Patricia Bradley<br>Agnes Wegiel<br>Timothy Fleming |

| | |
|---|---|
| **Entity:** | Jaguar Land Rover North America, LLC<br>Entity ID Number  3279821 |
| **Entity Served:** | Jaguar Land Rover North America, LLC |
| **Title of Action:** | Armando Cervantes vs. Jaguar Land Rover North America, LLC |
| **Matter Name/ID:** | Armando Cervantes vs. Jaguar Land Rover North America, LLC (14125834) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | Fresno County Superior Court, CA |
| **Case/Reference No:** | 23CECG01885 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/26/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | California Consumer Attorneys, P.C.<br>310-872-2600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR OFFICE USE ONLY |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited
Liability Company , and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ARMANDO CERVANTES, an individual and JOSLYNN FAITH
DELGADO, an individual

**FOR OFFICE USE ONLY**

E-FILED
5/23/2023
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | | |
|---|---|---|
| The name and address of the court is: County of Fresno Superior Court *(El nombre y dirección de la corte es):*<br><br>B.F. Sisk Courthouse, 1130 O Street, Fresno, CA 93724 | | **CASE NUMBER:** *(Número del Caso):* **23CECG01885** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael H. Rosenstein, Esq., CALIFORNIA CONSUMER ATTORNEYS, P.C.
10866 Wilshire Blvd, Suite 1200, Los Angeles, CA 90024 -- Tel: (310) 872-2600

| DATE: **5/23/2023** | Clerk, by **/s/ I. Herrera** | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Jaguar Land Rover North America, LLC, a Delaware Limited Liability Company

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  **CALIFORNIA CONSUMER ATTORNEYS, P.C.**
   Michael H. Rosenstein (SBN 169091)
2  mhr@calattorneys.com
   Sepehr Daghighian (SBN 239349)
3  sd@calattorneys.com
   Alastair F. Hamblin (SBN 282044)
4  afh@calattorneys.com
5  10866 Wilshire Blvd, Suite 1200
   Los Angeles, CA 90024
6  Telephone: (310) 872-2600
   Facsimile: (310) 730-7377
7
8  Attorneys for Plaintiffs,
   **ARMANDO CERVANTES AND**
9  **JOSLYNN FAITH DELGADO**

E-FILED
5/17/2023 1:12 PM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

10                **SUPERIOR COURT OF CALIFORNIA**

11                      **COUNTY OF FRESNO**

12
   ARMANDO CERVANTES, an individual and
13 JOSLYNN FAITH DELGADO, an individual,
14
           Plaintiffs,
15
      vs.
16
17 JAGUAR LAND ROVER NORTH AMERICA,
   LLC, a Delaware Limited Liability Company ,
18 and DOES 1 through 10, inclusive,
19
20         Defendants.
21
22
23

24
25
26
27
28

23CECG01885
Case No.: _____
Unlimited Jurisdiction

**COMPLAINT**

1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**
2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**
3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2(b)**

-1-
COMPLAINT

1      Plaintiffs, ARMANDO CERVANTES, an individual and JOSLYNN FAITH DELGADO,

2  an individual, allege as follows against Defendants JAGUAR LAND ROVER NORTH AMERICA,

3  LLC, a Delaware Limited Liability Company ("Jaguar Land Rover North America, LLC"), and

4  DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under

5  the circumstances:

6                       **DEMAND FOR JURY TRIAL**

7      1.    Plaintiffs, Armando Cervantes and Joslynn Faith Delgado, hereby demand trial by

8  jury in this action.

9                     **GENERAL ALLEGATIONS**

10     2.    Plaintiffs, Armando Cervantes and Joslynn Faith Delgado, are individuals residing in

11  the City of Sanger, State of California.

12     3.    Defendant Jaguar Land Rover North America, LLC is and was a Delaware Limited

13  Liability Company operating and doing business in the State of California.

14     4.    These causes of action arise out of the warranty obligations of Jaguar Land Rover

15  North America, LLC in connection with a vehicle purchased by Plaintiffs and for which Jaguar Land

16  Rover North America, LLC issued a written warranty.

17     5.    Plaintiffs do not know the true names and capacities, whether corporate, partnership,

18  associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under

19  the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through

20  10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth

21  herein, and are legally liable to Plaintiffs. Plaintiffs will seek leave to amend this Complaint to set

22  forth the true names and capacities of the fictitiously named Defendant, together with appropriate

23  charging allegations, when ascertained.

24     6.    All acts of corporate employees as alleged were authorized or ratified by an officer,

25  director, or managing agent of the corporate employer.

26     7.    Each Defendant, whether actually or fictitiously named herein, was the principal,

27  agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or

28  within the course and scope of such employment or agency, took some part in the acts and omissions

1    hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for

2    herein.

3          8.    On October 11, 2019, Plaintiffs leased a New 2020 Jaguar F-PACE Prestige, having

4    VIN No. SADCM2FV9LA626634 ("the Subject Vehicle"). Express warranties accompanied the

5    sale of the Subject Vehicle to Plaintiffs by which Jaguar Land Rover North America, LLC undertook

6    to preserve or maintain the utility or performance of Plaintiffs' vehicle or to provide compensation

7    if there was a failure in such utility or performance.

8          9.    The Subject Vehicle was delivered to Plaintiffs with serious defects and

9    nonconformities to warranty and developed other serious defects and nonconformities to warranty

10    including, but not limited to, powertrain system defects, engine defects, fuel system defects and other

11    serious nonconformities to warranty.

12          10.    Plaintiffs hereby revoke acceptance of the sales contract.

13          11.    Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil

14    Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for

15    family or household purposes, and Plaintiffs have used the vehicle primarily for those purposes.

16          12.    Plaintiffs are a "buyer" of consumer goods under the Act.

17          13.    Defendant Jaguar Land Rover North America, LLC is a "manufacturer" and/or

18    "distributor" under the Act.

19          14.    To the extent that one or more class action lawsuits have been filed or are filed with

20    respect to the nonconformities affecting Plaintiffs' vehicle, without conceding the necessity of

21    supplying such notice, Plaintiffs hereby provides notice to Defendant and/or Defendant's agents of

22    Plaintiffs' intent to opt-out and be excluded from the settlement class of said class action lawsuit(s).

23          15.    Plaintiffs hereby demand trial by jury in this action.

24          **<u>FIRST CAUSE OF ACTION</u>**

25          **Violation of the Song-Beverly Act – Breach of Express Warranty**

26          16.    Plaintiff incorporates herein by reference, each and every allegation contained in the

27    preceding and succeeding paragraphs as though herein fully restated and re-alleged.

28          17.    Express warranties accompanied the sale of the vehicle to Plaintiffs by which Jaguar

-3-

1    Land Rover North America, LLC undertook to preserve or maintain the utility or performance of

2    Plaintiffs' vehicle or to provide compensation if there was a failure in such utility or performance.

3        18.    The Subject Vehicle was delivered to Plaintiffs with serious defects and

4    nonconformities to warranty and developed other serious defects and nonconformities to warranty

5    including, but not limited to, powertrain system defects, engine defects, fuel system defects and other

6    serious nonconformities to warranty.

7        19.    Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil

8    Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or

9    household purposes, and Plaintiffs have used the Subject Vehicle primarily for those purposes.

10        20.    Plaintiffs are the "buyer" of consumer goods under the Act.

11        21.    Defendant Jaguar Land Rover North America, LLC is a "manufacturer" and/or

12    "distributor" under the Act.

13        22.    The foregoing defects and nonconformities to warranty manifested themselves in the

14    Subject Vehicle within the applicable express warranty period. The nonconformities substantially

15    impair the use, value and/or safety of the vehicle.

16        23.    Plaintiffs delivered the vehicle to an authorized Jaguar Land Rover North America,

17    LLC repair facility for repair of the nonconformities.

18        24.    Defendant was unable to conform Plaintiffs' vehicle to the applicable express after a

19    reasonable number of repair attempts.

20        25.    Notwithstanding Plaintiffs' entitlement, Defendant Jaguar Land Rover North

21    America, LLC has failed to either promptly replace the new motor vehicle or to promptly make

22    restitution in accordance with the Song-Beverly Act.

23        26.    By failure of Defendant to remedy the defects as alleged above, or to issue a refund

24    or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

25        27.    Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the

26    vehicle less that amount directly attributable to use by the Plaintiffs prior to the first presentation of

27    the nonconformities.

28        28.    Plaintiffs are entitled to all incidental, consequential, and general damages resulting

-4-

COMPLAINT

1 | from Defendant's failure to comply with its obligations under the Song-Beverly Act.

2 |     29.    Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment

3 | a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

4 | incurred in connection with the commencement and prosecution of this action.

5 |     30.    Because Defendant willfully violated the Song-Beverly Act, Plaintiffs are entitled in

6 | addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages

7 | for Jaguar Land Rover North America, LLC's willful failure to comply with its responsibilities under

8 | the Act.

9 | **SECOND CAUSE OF ACTION**

10 | **Violation of the Song-Beverly Act – Breach of Implied Warranty**

11 |     31.    Plaintiffs incorporate herein by reference each and every allegation contained in the

12 | preceding and succeeding paragraphs as though herein fully restated and re-alleged.

13 |     32.    Jaguar Land Rover North America, LLC and its authorized dealership at which

14 | Plaintiffs purchased the Subject Vehicle had reason to know the purpose of the Subject Vehicle at

15 | the time of sale of the Subject Vehicle.  The sale of the Subject Vehicle was accompanied by implied

16 | warranties provided for under the law.

17 |     33.    Among other warranties, the sale of the Subject Vehicle was accompanied by an

18 | implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

19 |     34.    The Subject Vehicle was not fit for the ordinary purpose for which such goods are

20 | used because it was equipped with one or more defective vehicle systems/components.

21 |     35.    The Subject Vehicle did not measure up to the promises or facts stated on the

22 | container or label because it was equipped with one or more defective vehicle systems/components.

23 |     36.    The Subject Vehicle was not of the same quality as those generally acceptable in the

24 | trade because it was sold with one or more defective vehicle systems/components which manifest as

25 | powertrain system defects, engine defects, fuel system defects and other serious nonconformities to

26 | warranty.

27 |     37.    Upon information and belief, the defective vehicle systems and components were

28 | present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied

1 | warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other

2 | applicable laws.

3 |     38.    Plaintiffs are entitled to justifiably revoke acceptance of the Subject Vehicle under

4 | Civil Code, section 1794, *et seq*;

5 |     39.    Plaintiffs hereby revoke acceptance of the Subject Vehicle.

6 |     40.    Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code,

7 | section 1794, *et seq.*

8 |     41.    Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section

9 | 1794, *et seq.* and Commercial Code, section 2711.

10 |     42.    Plaintiffs are entitled to recover any incidental, consequential, and/or "cover"

11 | damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

12 | **THIRD CAUSE OF ACTION**

13 | **Violation of the Song-Beverly Act Section 1793.2(b)**

14 |     43.    Plaintiffs incorporate herein by reference each and every allegation contained in the

15 | preceding and succeeding paragraphs as though herein fully restated and re-alleged.

16 |     44.    Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells

17 | consumer goods in California, for which it has made an express warranty, shall maintain service and

18 | repair facilities or designate and authorize independent service and repair facilities to carry out the

19 | terms of those warranties.

20 |     45.    Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of

21 | goods is necessary because they do not conform with the applicable express warranties, service and

22 | repair shall be commenced within a reasonable time by the manufacturer or its representative.

23 |     46.    Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced

24 | or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable

25 | time.

26 |     47.    The sale of the Subject Vehicle was accompanied by express warranties, including a

27 | warranty guaranteeing that the Subject Vehicle was safe to drive and not equipped with defective

28 | parts, including the electrical system.

48.     Plaintiffs delivered the Subject Vehicle to Jaguar Land Rover North America, LLC's authorized service representatives on multiple occasions. The Subject Vehicle was delivered for repairs of defects, which amount to a nonconformities to the express warranties that accompanied the sale of the Subject Vehicle.

49.     Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and Jaguar Land Rover North America, LLC has failed to tender the Subject Vehicle back to Plaintiffs in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

50.     Plaintiffs are entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*;

51.     Plaintiffs hereby revoke acceptance of the Subject Vehicle.

52.     Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

53.     Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq*. and Commercial Code, section 2711.

54.     Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq*.

55.     Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq*.

56.     Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that Jaguar Land Rover North America, LLC has willfully failed to comply with its responsibilities under the Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment against Defendants, as follows:

1.     For general, special and actual damages according to proof at trial;

2.     For rescission of the purchase contract and restitution of all monies expended;

3.     For diminution in value;

4.     For incidental and consequential damages according to proof at trial;

-7-

COMPLAINT

5.    For civil penalty in the amount of two times Plaintiffs' actual damages;

6.    For prejudgment interest at the legal rate;

7.    For reasonable attorney's fees and costs and expenses of suit; and

8.    For such other and further relief as the Court deems just and proper under the circumstances.

Dated:  May 17, 2023                    **CALIFORNIA CONSUMER ATTORNEYS, P.C.**

Michael H. Rosenstein, Esq.
Sepehr Daghighian, Esq.
Alastair F. Hamblin, Esq.
Attorneys for Plaintiffs,
**ARMANDO CERVANTES AND
JOSLYNN FAITH DELGADO**

Plaintiffs, **ARMANDO CERVANTES AND JOSLYNN FAITH DELGADO**, hereby demand trial by jury in this action.

-8-

COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael H. Rosenstein (SBN 169091) \| Sepehr Daghighian (SBN 239349)<br>CALIFORNIA CONSUMER ATTORNEYS, P.C.<br>10866 Wilshire Blvd, Suite 1200, Los Angeles, CA 90024<br>TELEPHONE NO.: (310) 872-2600   FAX NO. *(Optional):* (310) 730-7377<br>E-MAIL ADDRESS: mhr@calattorneys.com \| sd@calattorneys.com<br>ATTORNEY FOR *(Name):* Plaintiff: Armando Cervantes and Joslynn Faith Delgado | E-FILED<br>5/17/2023 1:12 PM<br>Superior Court of California<br>County of Fresno<br>By: I. Herrera, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, CA 93724
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Armando Cervantes and Joslynn Faith Delgado v. Jaguar Land Rover North America, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 23CECG01885 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case.
Date: May 17, 2023

Michael H. Rosenstein, Esq.
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non- domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non- harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# EXHIBIT B

**DEAL# 7376**
**CUST# 19078**

## CLOSED-END MOTOR VEHICLE LEASE AGREEMENT

[X] Monthly Payment Lease          ☐ Single Payment Lease

**1. PARTIES:**                                           Lease Date: 10/11/2019

| Lessor - Dealer Name | Address |
|---|---|
| HARON MOTOR SALES INC | 2222 VENTURA ST   FRESNO, CA  93721 |
| Lessee - Name | Address |
| JOSLYNN FAITH DELGADO | SANGER, CA 93657 |
| Lessee - Name | Address |
| ARMANDO CERVANTES | SANGER, CA 93657 |

Each Lessee signing this Lease ("you" or "your") agrees to lease from the Lessor named above the vehicle described in Section 2 (the "Vehicle") on the terms and conditions in this Lease Agreement ("Lease"). Lessor intends to assign its rights and interest under this Lease to JPMorgan Chase Bank, N. A. ("Chase"). As used in this Lease, the terms "us," "our" and "we" refer to the Lessor and, after assignment, to Chase or its successors and assigns.

**2. DESCRIPTION OF LEASED VEHICLE:**

| MODEL YEAR | MAKE | MODEL | BODY STYLE | COLOR | VEHICLE ID NO. | ODOMETER |
|---|---|---|---|---|---|---|
| 2020 | JAGUAR | F-PACE PRESTIGE | MP | SANTORINI_BLACK | SADCM2FV9LA626634 | 44 |

☐ If checked, the primary use of the Vehicle is business or commercial; otherwise, it is personal, family or household use.

**3. LEASE TERM.** The Lease Term is ___39___ months, beginning on the Lease Date (above) and ending on ___01/10/2023___ (the "Maturity Date").

**4. DESCRIPTION OF TRADE-IN (if applicable)**

| MODEL YEAR | MAKE | MODEL | GROSS ALLOWANCE | AMOUNT OWED | NET TRADE-IN |
|---|---|---|---|---|---|
| N/A | N/A | N/A | $   N/A | $   N/A | $   0.00 |

The box below memorializes trade-in, turn-in and other individualized agreements between you and the Lessor (Dealer). If none indicate by entering "none" or N/A. Obligations of the Lessor set forth in this box shall be the sole responsibility of the Dealer and not Chase. If this box conflicts with any other section of this Lease, the other section of this Lease shall control.

> Lessee agrees that if this lease cannot be assigned by Lessor to a financial institution with which it regularly does business on terms acceptable to Lessor, and Lessor gives notice to Lessee within 10days, this Lease will be rescinded. Lessee must then return the vehicle to Lessor in good condition and Lessor will then return all consideration paid.

An "o" in this Lease indicates an estimate.

| Federal Consumer Leasing Act Disclosures | | | |
|---|---|---|---|
| **5. Amount Due at Lease Signing or Delivery:** (Itemized below)* $   6500.00 | **6. Lease Payments:** (a) Monthly Payment Lease: Your first Monthly Payment of $   899.44   is due on   10/11/2019  , followed by   38   payments of $   899.44   due each following month. The total of your Monthly Payments is $   35078.16  . (b) Single Payment Lease: Your Advance Single Payment of $   N/A   is due on N/A . | **7. Other Charges** (not part of your Monthly Payment): Disposition Fee (if you do not purchase the Vehicle from us): $   495.00   Total: $   495.00 | **8. Total of Payments** (The amount you will have paid by the end of the Lease): $   41173.72 |

Lessee Initials Here _____   Co-Lessee Initials Here _____   74795*1*HARON-FI
FORM NO. CAFL-CALIFORNIA-LZR-E (REV. 6/19)        Page 1 of 7

10/11/2019  06:32 pm
© 2019 JPMorgan Chase Bank, N.A. Member FDIC

DEAL# 7376

## *Itemization of Amount Due at Lease Signing or Delivery

**9. Amount Due at Lease Signing or Delivery:**

| | | |
|---|---|---|
| (a) Capitalized Cost Reduction | $ | 3416.23 |
| (b) First Monthly Payment | + $ | 899.44 |
| (c) Advance Single Payment | + $ | N/A |
| (d) Refundable security deposit | + $ | N/A |
| (e) Initial title fees | + $ | 479.00 |
| (f) Initial registration fees | + $ | 303.00 |
| (g) Sales or use tax | + $ | 85.51 |
| (h) Acquisition Fee | + $ | 895.00 |
| (i) Dealer Document Processing Charge (not a government fee) | + $ | 85.00 |
| (j) Prior credit or lease balance | + $ | N/A |
| (k) Electronic Filing Charge (not a government fee) | + $ | 30.00 |
| (l) CA Tire Fee    (U) | + $ | 8.75 |
| (m) N/A | + $ | N/A |
| (n) N/A | + $ | N/A |
| (o) N/A | + $ | N/A |
| (p) CAP REDUCTION TAX | + $ | 298.07 |
| (q) N/A | + $ | N/A |
| (r) N/A | + $ | N/A |
| (s) N/A | + $ | N/A |
| (t) N/A | + $ | N/A |
| (u) N/A | + $ | N/A |
| (v) Total | = $ | 6500.00 |

**10. How the Amount Due at Lease Signing or Delivery will be paid:**

| | | |
|---|---|---|
| (a) Net trade-in allowance | $ | 0.00 |
| (b) Amount to be paid in cash | – $ | 6500.00 |
| (c) Rebates and noncash credits: | | |
| (1) Manufacturer Rebate(s) | – $ | N/A |
| (2) N/A | + $ | N/A |
| (3) N/A | + $ | N/A |
| (4) N/A | + $ | N/A |
| (d) Total | = $ | 8500.00 |

## 11. Your Lease payment is determined as shown below.

| | | |
|---|---|---|
| (a) Gross capitalized cost. The agreed upon value of the Vehicle ($ 73765.00 ) and any items you pay for over the Lease Term (such as taxes, fees, service contracts, insurance, and any outstanding prior credit or lease balance) (See Section 16 below for an itemization of this amount) | $ | 73765.00 |
| (b) Capitalized cost reduction. The amount of any rebate, net trade-in allowance, noncash credit or cash you pay that reduces the gross capitalized cost | – $ | 3416.23 |
| (c) Adjusted capitalized cost. The amount used in calculating your base Monthly Payment | = $ | 70348.77 |
| (d) Residual value. The value of the Vehicle at the end of the Lease used in calculating your base Monthly Payment | – $ | 41758.08 |
| (e) Depreciation and any amortized amounts. The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term | = $ | 28590.69 |
| (f) Rent charge. The amount charged in addition to the depreciation and any amortized amounts | + $ | 3672.45 |
| (g) Total of base Monthly Payments. The depreciation and any amortized amounts plus the rent charge | = $ | 32263.14 |
| (h) Lease Payments. The number of payments in your Lease | ÷ | 39 |
| (i) Base Lease Payment (Monthly or Advance Single, as applicable) | = $ | 827.26 |
| (j) Sales/use tax | + $ | 72.18 |
| (k) Other: N/A | + $ | N/A |
| (l) Total Lease Payment (Monthly or Advance Single, as applicable) | = $ | 899.44 |

Lease terms are negotiable with the Lessor. The Lessor intends to assign this Lease Agreement and may retain a portion of the Total Lease Payments.

Lessee Initials Here _____  Co-Lessee Initials Here A.C  74795*1*HARON-FI
FORM NO. CAFL-CALIFORNIA-L2R/E (REV. 6/19)          Page 2 of 7

10/11/2019  06:32 pm
© 2018 JPMorgan Chase Bank, N.A. Member FDIC

DEAL# 7375

**12. Early Termination.** You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be.

**13. Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use, and for mileage in excess of ___7500___ miles per year during the scheduled Lease Term at the rate of ___30___ cents per mile.

**14. Purchase Option at End of Lease Term.** You have an option to purchase the Vehicle at the end of the Lease Term for $___41758.08___ and a purchase option fee of $___150.00___, for a total of $___41908.08___. The purchase option fee does not include fees for tags, taxes or registration.

**15. Other Important Terms.** See the remainder of this Lease for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, excess wear standards and any security interest, if applicable.

**16. ITEMIZATION OF GROSS CAPITALIZED COST.**

(a) Agreed upon value of the Vehicle as equipped at time of signing the Lease ........................ $ ___73765.00___

(b) Agreed upon value of each accessory and item of optional equipment the Lessor agrees to add to the Vehicle after signing the Lease:

| | | |
|---|---|---|
| i. N/A | ............... + $ | N/A |
| ii. N/A | ............... + $ | N/A |
| (c) Sales/use tax ........................ + $ | | N/A |
| (d) Initial title, license and registration fees ....... + $ | | N/A |
| (e) Credit Life Insurance Premium ................. + $ | | N/A |
| (f) Credit Disability Insurance Premium ............ + $ | | N/A |
| (g) Service Contract ........................ + $ | | N/A |
| (h) Guaranteed Automobile Protection ............ + $ | | N/A |
| (i) Acquisition Fee ........................ + $ | | N/A |
| (j) Prior credit or lease balance ................... + $ | | N/A |
| (k) Dealer Document Processing Charge (not a government fee) ..................... + $ | | N/A |
| (l) Electronic Filing Charge (not a government fee) ... + $ | | N/A |
| (m) N/A | + $ | N/A |
| (n) N/A | + $ | N/A |
| (o) N/A | + $ | N/A |
| (p) N/A | + $ | N/A |
| (q) N/A | + $ | N/A |
| (r) N/A | + $ | N/A |
| (s) N/A | + $ | N/A |
| (t) N/A | + $ | N/A |
| (u) N/A | + $ | N/A |
| (v) N/A | + $ | N/A |
| (w) Gross Capitalized Cost ........................ = $ | | 73765.00 |

**17. OFFICIAL FEES AND TAXES.** The total amount you will pay for official and license fees, registration, title, and taxes over the term of your Lease, whether included with your Monthly Payments (or Advance Single Payment, as applicable) or assessed otherwise is:

$ ___5748.85___ e.

This amount is an estimate. The actual total of fees and taxes may be higher or lower depending on the tax rates in effect or the value of the Vehicle when a fee or tax is assessed.

**18. WARRANTIES.** The Vehicle is subject to the manufacturer's standard new car warranty. The Vehicle is also subject to any other express warranties or guarantees disclosed here:

N/A

There are no warranties, guarantees or other rights provided to you by us or the Vehicle's manufacturer other than those disclosed in this Lease.

WE DISCLAIM ALL IMPLIED WARRANTIES, INCLUDING THE WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, EXCEPT WHERE PROHIBITED BY LAW.

**19. INSURANCE VERIFICATION.** The insurance required by Section 28 of this Lease is in force on the Lease Date as follows:

Insurance Co.: __STATE FARM__

Policy No.: __457 3019-B16-55B__

Agent's Name: __EDWARD ONTIVEROS__

Agent's Address: __PO BX 853919  RICHARDSON TX 75085__

Phone Number: __559-891-2000__



Lessee Initials Here _____ Co-Lessee Initials Here _____  74795*1*HARON-FI

FORM NO. CAFL-CALIFORNIA-LZR/E (REV. 6/19)

Page 3 of 7

10/11/2019  06:32 pm

© 2019 JPMorgan Chase Bank, N.A. Member FDIC

DEAL# 7376

**20. OPTIONAL INSURANCE AND OTHER PRODUCTS.**
You are not required to buy any of the optional insurance products or other products listed below. You should carefully review the contracts that describe the details of any optional insurance products or other products you choose to buy. By signing this Lease, you have elected to purchase from the Lessor the following optional insurance products and other products:

| Type | Provider Name | Coverage Term/Coverage Amount | Premium/Charge* |
|---|---|---|---|
| ☐ Service Contract | N/A | N/A miles/ N/A months........................ $ ____ | N/A |
| ☐ Prepaid Maintenance Plan | N/A | N/A miles/ N/A months........................ $ ____ | N/A |
| ☐ Tire & Wheel Protection | N/A | N/A miles/ N/A months........................ $ ____ | N/A |
| N/A | N/A | N/A | $ ____ N/A |
| N/A | N/A | N/A | $ ____ N/A |
| N/A | N/A | N/A | $ ____ N/A |

You have purchased the optional products listed above for a total charge of:........................... $ ____ N/A
* The Dealer may retain a portion of the premiums or other charges for the optional insurance products and other products listed above.

**21. HOW THIS LEASE MAY BE CHANGED.** This Lease contains the entire agreement for the Lease of the Vehicle. We may, in our sole discretion, agree orally to requests for extensions, deferrals, or due date changes, and confirm them electronically or in writing. We may, at our option, change any provision in this Lease by giving you at least 10 days' advance written or electronic notice of the proposed change, provided that the change is at least as favorable to you as the existing provision. No other changes to this Lease are effective unless they are in a written or electronic agreement signed by you and us.

Lessee's Signature: _____   Lessee's Signature: _____

### LESSEE(S) NOTICES AND SIGNATURES

BY SIGNING THIS LEASE, YOU ACKNOWLEDGE THAT THIS LEASE CONTAINS AN "**ARBITRATION PROVISION**" HEREIN, THAT YOU HAVE READ THE AGREEMENT TO ARBITRATE DISPUTES AND AGREE TO ITS TERMS.

Total Loss Early Termination Payoff Balance Notice: If there is a total loss, destruction or theft of the Vehicle, the early termination payoff balance (Adjusted Lease Balance) of the Vehicle as determined under Section 30 of this Lease may be different than the actual cash value of the Vehicle as determined by your insurer of the Vehicle. Section 31 provides that you will not be obligated to pay us this amount, unless, as of the date of such total loss, you do not have in effect a physical damage insurance policy as required by Section 28. By signing this Lease, you acknowledge that you have read this notice and understand its content.

### THERE IS NO COOLING OFF PERIOD

California law does not provide for a "cooling off" or other cancellation period for vehicle leases. Therefore, you cannot later cancel this Lease simply because you change your mind, decided the vehicle costs too much, or wish you had acquired a different vehicle. You may cancel this Lease only with the agreement of the Lessor or for legal cause, such as fraud.

You have the right to return the vehicle, and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incomplete application or from incorrect information provided by you.

Notice to the Lessee: (1) Do not sign this Lease before you read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this Lease; (3) Warning - Unless a charge is included in this Lease for public liability or property damage insurance, payment for that coverage is not provided by this Lease.

NOTICE TO LESSEE(S): BY SIGNING THIS LEASE BELOW YOU ACKNOWLEDGE THAT: (1) EACH LESSEE ACCEPTS AND IS SEPARATELY LIABLE UNDER THE TERMS AND CONDITIONS OF THIS LEASE; AND (2) YOU HAVE READ ALL PAGES OF THIS LEASE (INCLUDING TERMS APPEARING AFTER YOUR SIGNATURE, ON ADDITIONAL PAGES OF THIS LEASE), UNDERSTAND ALL OF ITS TERMS, AND WERE PRESENTED A COMPLETELY FILLED IN COPY BEFORE SIGNING BELOW. BEFORE SIGNING, YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THE LEASE YOU MAY KEEP. YOU ARE ALSO ENTITLED TO A COPY OF YOUR SIGNED LEASE.
Lessee(s) agree to all terms and conditions in this Lease.

X _____   N/A   X _____   N/A
Lessee Signs   Title (if a business)   Lessee Signs   Title (if a business)

### LESSOR'S SIGNATURE AND ASSIGNMENT

By signing below, Lessor: (1) accepts all terms and conditions of this Lease; and then (2) assigns all of its rights under this Lease, as well as all title and interest in and to the Vehicle, to JPMorgan Chase Bank, N.A. ("Chase"), subject to the applicable dealer agreement between the Lessor and Chase; and (3) warrants to Chase that it has verified that the insurance set forth in Section 19 is in place and complies with the requirements of this Lease.

X _____   HARON MOTOR SALES, I... Title: MANAGER _____   Date: 10/11/2019 _____
Lessor-Dealer Signs

## VEHICLE MAINTENANCE, USE AND INSURANCE

**22. PAYMENTS.** You will pay all Monthly Payments and other amounts owed under this Lease when due and as we direct. Your first Monthly Payment is due on the Lease Date. All subsequent Monthly Payments are due on the same day of each following month, except that if the Lease Date falls on the 29th, 30th or 31st day of the month, all subsequent Monthly Payments are due on the 1st day of each month beginning in the second month following the Lease Date. If your payment schedule above reflects that subsequent Monthly Payments are due on the 29th, 30th or 31st day of the month, then this Section controls rather than the payment schedule. If we collect sales/use tax on your Monthly Payments and you move, the amount of your Monthly Payment will change if the tax changes.

**23. LATE PAYMENTS AND RETURNED ITEMS.** You will pay us a late fee of the lesser of $25 or 5% of the unpaid amount of any Monthly Payment not received by us within 10 days after its due date. This fee will be due upon demand. If any check, draft, electronic payment or other payment we receive is returned unpaid or declined for any reason, then you will not be required to pay us a returned item fee.

**24. MAINTENANCE AND OPERATING COSTS.** You will maintain, service and repair the Vehicle as recommended in the owner's manual and as needed to keep the Vehicle in good operating condition and free of physical damage. You will have any defects timely repaired according to any manufacturer's safety recall notices. You will pay all operating expenses for the Vehicle, including the cost of oil, gas, lubrication, parts, labor, storage, parking, towing, tolls and all other costs associated with operating the Vehicle. You will maintain records of all repairs and maintenance. You will not modify the Vehicle (such as adding, removing or modifying any accessories, equipment, parts, parking or lettering) without our prior written permission. Any accessories, equipment or parts installed in or on the Vehicle become our property and part of the Vehicle, even if we gave you our written permission. You will make the Vehicle available to us for inspection upon our reasonable request. Any inspection we perform will be solely to protect our interests in the Vehicle or to determine your liability under this Lease and is not a representation or warranty to you about the Vehicle's condition or safety.

**25. TITLE, REGISTRATION AND OFFICIAL FEES AND TAXES.** You will keep the Vehicle's registration and licensing current with the appropriate governmental office. Legal title to the Vehicle will be in our name and the Vehicle will be titled as we direct. You will pay when due all government taxes and fees (other than our income taxes) in connection with this Lease, including its termination, and your use and possession of the Vehicle, whether assessed on you, us or the Vehicle. Your responsibility includes, but is not limited to, any personal property taxes and fees for title, registration and licensing. You are responsible for government taxes and fees that are assessed or imposed for any period that begins before you purchase or return the Vehicle to us, even if those fees or taxes are billed or due afterwards. At termination of this Lease, you will pay, at our option, an amount we estimate for such government taxes and fees that are not yet billed. If the actual taxes or fees are less than our estimate, we will refund you the difference. If they are more, you will pay us the difference. We are not required to apply on your behalf for any exemptions or refunds of government taxes or fees. If we receive a bill for government fees and taxes, we may forward it to you for payment or we may pay it and you will reimburse us upon our demand.

**26. USE OF THE VEHICLE.** You will not use the Vehicle or allow anyone else to use it (a) unlawfully or for any illegal or wrongful purpose; (b) to transport goods or persons for hire; (c) without a valid driver license and insurance; or (d) in any manner that would not be covered by your required insurance policy or that would void any warranty. You will not take or allow others to take the Vehicle outside the United States without our prior written permission.

**27. FINES AND PENALTIES.** You will pay when due any fine, penalty, traffic ticket, parking ticket, or court costs issued in connection with the Vehicle's use (all referred to as a "Fine(s)"). We are not responsible for any Fines. If we receive a citation, court process or other demand for payment of a Fine during the term of this Lease, you authorize us to inform the entity issuing the Fine, its agent, toll road or toll highway company that you are responsible for paying the Fine and to give them your name, driver license number, contact information, and a copy of this Lease and any related Information. At our option, we may pay any Fine that you have not paid on your behalf. You must reimburse us for any such amount immediately upon demand.

**28. INSURANCE.** You must keep the Vehicle insured with the following minimum insurance coverages in addition to any other insurance required by law: (a) $100,000 for bodily injury to one person, $300,000 for bodily injury for any one accident, and $50,000 for property damage, and (b) collision, fire, theft and comprehensive coverage covering the Vehicle's actual value with a deductible of no more than $1,000. Such policies must not exclude or restrict coverage if you were to drive the Vehicle, or when the driver is someone you allow to drive the Vehicle or who you can reasonably foresee may drive the Vehicle. Chase and/or other persons specified by Chase must be listed as loss payee and additional insured. You will not operate the Vehicle if the insurance coverage has lapsed or has been cancelled. The insurance policy must state that we will be given at least 10 days' advance notice of any cancellation, reduction, or other material change in coverage. You may provide the insurance through any insurer reasonably acceptable to us. You will give us written proof of coverage upon our request. You will remain liable to us for any loss we suffer because your insurer denies a claim. You authorize us to settle any claim for loss or damage to the Vehicle, and to collect insurance proceeds, directly with or from your insurer, as well as to endorse your name on and negotiate any insurance check or draft. You will cooperate with us in collecting insurance proceeds, including providing or signing any releases or other documents. You will not settle any insurance claim or accept any settlement payment from your insurer without first obtaining our written permission. If you fail to maintain the required insurance we may, but are not required to, obtain it to protect our interests and you will reimburse us for the insurance premium we pay.

**NO PHYSICAL DAMAGE OR LIABILITY INSURANCE COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS INCLUDED IN THIS LEASE.**

## DEFAULT AND LEASE TERMINATION

**29. DEFAULT**

(a) Events of Default. You will be in default if: (1) you fail to pay any Monthly Payment or other amount you owe under this Lease when due; (2) you gave any false or misleading information when applying for this Lease; (3) you become insolvent or the subject of a bankruptcy proceeding; (4) you are dissolved (if an entity), die or become incompetent and there is no surviving Lessee; or (5) you break any other promise in this Lease.

(b) Our Remedies. If you default, in addition to any other rights we have, we can do one or more of the following at our option and without notifying you, except for any notice required by law: (1) take any reasonable measures to correct the default or to save us from loss, in which case you will reimburse us upon demand for our expenses; (2) terminate this Lease and your rights to possess and use the Vehicle; (3) take possession of the Vehicle by any lawful method or manner; (4) cancel any optional product or service you purchased as part of this Lease and apply any refunds for unearned premiums or charges to amounts you owe under this Lease; (5) or pursue any other remedy at law or in equity.

(c) Default Charges: In addition to all other amounts you owe under this Lease, including, but not limited to, any liability under Sections 27, 30, 31 or 33, as applicable, you will pay us all of the following, as permitted by law: collection costs; court costs; the reasonable expenses we incur in connection with locating, retaking (or attempting to retake), storing and transporting the Vehicle and the actual costs for selling the Vehicle and preparing it for sale, as permitted by law and, if the Lease is referred to attorneys who are not our salaried employees, reasonable attorneys' fees we incur to enforce this Lease.

**30. EARLY TERMINATION**

(a) Early Termination Liability. If you are not in default, you may end this Lease at any time before the end of the Lease Term by returning the Vehicle to a place we specify. We may end this Lease at any time before the end of the Lease Term if you default. If you or we end this Lease before the beginning of the final Monthly Period (defined below) and the Vehicle is not a Total Loss, then we will assess an Early Termination Charge equal to the Adjusted Lease Balance minus the Vehicle's Fair Market Value. For a Monthly Payment Lease, if you have returned the Vehicle as required or we have recovered the Vehicle, then the Early Termination Charge will not exceed the sum of all remaining Monthly Payments that would otherwise have been due from the early termination date to the Maturity Date and any End-of-Term Liability under Section 33. Your total early termination liability will equal this Early Termination Charge plus any other amounts that have become due and are unpaid at termination (including, for a Monthly Payment Lease, any unpaid Monthly Payments due before termination), less any credits to your account. We will credit your account for any remaining Refundable Security Deposit (see Sections 9(d) and 38) and any refunds we may receive from the cancellation of any Optional Insurance or Other Products (see Section 20). For a Single Payment Lease, we will credit your account for any portion of the Single Payment that is not allocated to the rent charge earned or Depreciation when calculating the Adjusted Lease Balance. Additionally, for a Single Payment Lease, your early termination liability under this Section will not exceed the amount of any End-of-Term Liability under Section 33 after applying any credits for any remaining Refundable Security Deposit and any refunds we receive from the cancellation of any Optional Insurance or Other Products. If any of these credits result in a negative early termination liability, then the excess credits will be refunded to you. If the Vehicle is a Total Loss, your early termination liability will be determined under Sections 28 and 31 rather than under this Section. Further, if you are in default and the Vehicle has not been returned as required or recovered by us, then we will use the amount that you would have owed if you had exercised your purchase option under Section 32, including the purchase option fee, as the Adjusted Lease Balance when calculating the Early Termination Charge (if you pay all that you owe, including this amount, then we will sell the Vehicle to you under Section 32.)

**(b) Calculation of the Adjusted Lease Balance.**

(1) **Calculation of the Monthly Rent Charge:** We earn a portion of the total rent charge (see Section 11(f)) during each month of the Lease Term. To calculate the rent charge earned each month, we divide the Lease Term into monthly periods (each "Monthly Period"). For a Monthly Payment Lease, the first Monthly Period begins on due date of the first Monthly Payment (see Section 6(a)) and subsequent Monthly Periods begin on the same day of each subsequent Monthly Payment. For a Single Payment Lease the first Monthly Period begins on due date of the Single Payment (see Section 6(b)) and subsequent Monthly Periods begin on the same day of each subsequent month. We figure the monthly rent charge earned for a Monthly Period by using the "Constant Yield Method." When figuring the monthly rent charge, monthly rent charges are earned in advance on the first day of each Monthly Period. The rent charge for a Monthly Period equals (i) the constant rate implicit in the Lease multiplied by (ii) the Balance Subject to Rent Charge. In the case of a Monthly Payment Lease, the Balance Subject to Rent Charge in a Monthly Period equals the difference between the Adjusted Capitalized Cost and the sum of (i) all Depreciation for each prior Monthly Period plus (ii) the first Monthly Payment. In the case of a Single Payment Lease, the Balance Subject to Rent Charge is determined by subtracting from Residual Value (see Section 11(d)) the total rent charge scheduled to be earned over the Lease Term (see Section 11(f)) and adding to the difference all rent charges accrued during the preceding Monthly Periods.

(2) **Depreciation:** At the beginning of each Monthly Period, we allocate a portion of the Monthly Funds to the rent charge earned based on the calculation above, and the rest to monthly depreciation and other amortized amounts ("Depreciation"). For a Monthly Payment Lease, the "Monthly Funds" for a Monthly Period is equal to the base Monthly Payment due. For a Single Payment Lease, the "Monthly Funds" for a Monthly Period is equal to the total amount of monthly periods during the Lease Term. (Your base Monthly or Single Payment is the payment below taxes and other non-amortized amounts (see Section 11(i)).

(3) **Adjusted Lease Balance:** The Adjusted Lease Balance equals the Adjusted Capitalized Cost minus the sum of all accrued monthly Depreciation for each Monthly Period before termination of this Lease and the Monthly Period in which this Lease terminates.

**(c)** Fair Market Value. The Vehicle's Fair Market Value is equal to the net sale price we receive for the Vehicle at a wholesale sale, after deducting from the gross sale price the reasonable expenses we incur to transport, recondition, prepare for sale and sell the Vehicle. Alternatively, if you obtain an appraisal of the Vehicle's wholesale value, at your expense, within 30 days prior to or 10 days after the termination date from a professional independent appraiser agreed to by us, then we will use the appraised value as the Vehicle's Fair Market Value. You and we also may agree in writing to a specific amount for the Vehicle's Fair Market Value. If the Vehicle's Fair Market Value is negative, then we treat the Vehicle's Fair Market Value as zero. Additionally, the Vehicle's Fair Market Value is zero if the Vehicle is not returned to us.

**31. DAMAGE, LOSS OR DANGER TO THE VEHICLE.** You will keep the Vehicle free from any liens, encumbrances or claims, whether voluntary or involuntary. You will not allow the Vehicle (and will not allow others to take actions causing the Vehicle) to become damaged, destroyed, stolen, lost, confiscated, abandoned, or subjected to undue peril. You will notify us and your insurance company within 24 hours if any of these events occurs.

**(a)** Liability for Total Loss. You are responsible for the risk of loss to the Vehicle. If the Vehicle is lost, stolen or damaged beyond repair (a "Total Loss"), we will terminate this Lease and, except for amounts waived under Subsection (b) below, you will pay us promptly upon our demand the Adjusted Lease Balance (see Section 30(b)) less credits for (i) any remaining Refundable Security Deposit (Sections 9(d) and 38), (ii) any refunds we receive from the cancellation of any Optional Insurance or Other Products (Section 20), and (iii) any other amounts we receive in payment for the loss, plus any other amounts due under this Lease at termination. For a Single Payment Lease, we also will provide a credit for any portion of the Single Payment that is allocated to the earned monthly rent charge or monthly Depreciation when calculating the Adjusted Lease Balance.

**(b)** Conditional Gap Waiver. If the Vehicle is a Total Loss and you had in place the insurance required by this Lease on the date of loss, we will waive any portion of the Adjusted Lease Balance remaining after we subtract the payment we receive from your insurer for the loss (the "Gap Amount"). However, you will still owe us any other amounts due under this Lease plus any amounts your insurer deducts from the Vehicle's actual cash value (for example, for any pre-existing damage) and an amount equal to your insurance deductible when paying the claim. You will be in default and our waiver of the Gap Amount in this Subsection (b) will not apply if you did not have the required insurance in place, you do not otherwise comply with Section 28, or your insurer denies any part of the claim.

**32. PURCHASE OPTION.** You may purchase the Vehicle from us if you are not in default, on an AS-IS, WHERE-IS basis, at any time before or at the end of the Lease Term. To purchase the Vehicle, you must pay the sum of (a) the amount in Section 14 if you purchase the Vehicle at the end of the Lease Term, or the Adjusted Lease Balance plus the purchase option fee in Section 14 if you purchase it before the end of the Lease Term, plus (b) any related official fees, such as sales tax, other taxes, title, tags, license and registration we are required to collect, plus (c) any past due Monthly Payments and any other amounts you owe under this Lease. If you purchase the Vehicle, you will transfer title, re-register the Vehicle and remove and return the license plates (if required by law) within 30 days after purchase or any shorter time required by law. You will sign any additional documents necessary to effect the purchase. We may, at our option, apply any credits or security deposit under this Lease towards the purchase price.

**33. END-OF-TERM LIABILITY.** Your right to use the Vehicle ends on the Maturity Date. If this Lease ends after the last Monthly Payment is due, then we will treat this Lease as if it terminated at the end of the Lease Term and not as if it ended early. However, if the Vehicle is a Total Loss, Section 31 applies. If you do not purchase the Vehicle, at the end of the Lease Term you must return the Vehicle to a place we specify, call us within one business day of returning the Vehicle, and pay us the following end-of-term liability upon our demand: (a) the Disposition Fee disclosed in Section 7; plus (b) any excess mileage charges under Section 13; plus (c) any excess wear and use under this Lease. For each full or partial Monthly Period after the end of the Lease Term that you have not returned or purchased the Vehicle, you will pay us an additional amount equal to one Monthly Payment (if this is a Single Payment Lease, this monthly amount equals the Advance Single Payment disclosed under Section 6(b) divided by the number of months in the Lease Term) due at the beginning of each Monthly Period, plus a late fee under Section 23 if past due. Our demand for or acceptance of these payments does not give you the right to keep the Vehicle and does not constitute our agreement to extend the Lease Term. Additionally, if you have not returned or purchased the Vehicle by the Maturity Date as required, then we may declare you in default and charge you the amount that you would have owed if you had exercised your purchase option at the end of the Lease Term (see Section 32) as damages for failure to return the Vehicle. You agree to pay this amount in full, and if you do pay, then we will sell the Vehicle to you under Section 32. We may charge you this amount even if you have made one or more payments to us after the end of the Lease.

**34. EXCESS WEAR AND USE.** You will not subject the Vehicle to more than normal wear and use. If you do not purchase the Vehicle, at the end of the Lease Term you will owe us for excess mileage under Section 13, plus our actual or estimated cost to repair or replace any excess wear and use to the Vehicle, whether or not we make repairs. We will total the costs of items (a) through (f), as follows, and you will owe us any portion of the total in excess of costs expected based on normal wear and use, plus the other amounts set forth at the end of this Section: (a) holes, tears, burns, stains, strong odors or excessively worn areas in the carpet, other interior surfaces or convertible top; (b) scratches, chips, dents, pits, rust, holes or cracks in the wheels or exterior surfaces, windshield or other glass surfaces or metal work; (c) cracked, broken or missing windows, doors, lights, trim, mirrors or antennae; (d) missing, damaged or nonworking mechanical equipment, safety or emissions control equipment, electrical or other parts or accessories; (e) damage to the Vehicle's frame or alignment; (f) damage due to improper, poor quality or incomplete repairs or paint work. You also will remain liable to us for the full cost of any such items resulting from intentional or willful abuse or misuse. In addition, you will owe us the full cost of any missing, damaged or mismatched tires (including spare), any tire that has less than 1/8th inch tread at its lowest point or that is not comparable in quality to the original equipment, and any missing manual or missing or nonworking keys or remote entry devices.

## ADDITIONAL TERMS AND CONDITIONS

**35. INDEMNITY AND NO INTENDED THIRD PARTY BENEFICIARY RIGHTS.** Except as expressly provided in this Lease, you will hold us harmless and indemnify us from any and all claims, liability, loss and expense (including court costs and attorneys' fees) arising from or related to the use, maintenance, condition or possession of the Vehicle, or your failure to perform any obligation in this Lease. This Lease shall not be deemed to confer any rights or remedies upon any person, including but not limited to any rights to enforce these terms, other than by Chase, and its respective successors and assigns.

**36. ODOMETER STATEMENTS.** Whether or not you purchase the Vehicle, when this Lease terminates you must give us a written statement regarding the odometer mileage as required by federal and/or state law. Failure to complete this statement upon our request or giving false information may result in fines and/or imprisonment.

**37. ASSIGNMENT.** This is a true lease and you will not own any equity in the Vehicle unless you exercise the purchase option in Section 32. You will not assign, sublease or transfer any interest in the Vehicle or your rights or obligations under this Lease without getting our written permission first. After any such assignment, you will remain fully responsible for the performance of this Lease even if we gave you our permission. We may assign or transfer any interest in the Vehicle or our rights and obligations under this Lease without your permission and without notifying you first.

**38. SECURITY DEPOSIT.** You will not earn any interest, benefit, increase or profits on any security deposit. You further agree that we may retain any interest, benefit, increase or profits we earn on your security deposit or other property in which we have a security interest. We may commingle your security deposit with our other funds. We may use your security deposit to pay or satisfy any amount or obligation you fail to pay or satisfy under this Lease. After this Lease terminates, we will refund to you any unused portion of your security deposit.

**39. NOTICES AND ADDRESS CHANGES.** You will mail or deliver any written notices to us in connection with this Lease to the address we provide for the type of notice or, if none, our address for general correspondence. Notices sent to an address we designate for payments only are not effective. If your phone number, or any address we have for you or the Vehicle, changes or is incorrect, you will give us an updated phone number or address within 15 days. We may send you any notices, bills, correspondence and any refunds owed to you to your address in Section 1, or to any other address you provide us or that we may obtain directly or indirectly from the U.S. Postal Service. We may also send you notices, bills and correspondence electronically (i) at any email address you have provided to us, or (ii) by posting the notice, bill or correspondence on a website and sending you a notice to your email address telling you that the communication has been posted, describing the general purpose of the communication and its location, and providing instructions on how to view it. Delivery of any notice, bill or correspondence in this manner will be effective when we send the email. If the California Department of Motor Vehicles has your address, you have not requested confidentiality of your address and by signing this Lease you waive the provisions of Section 1808.21 of the California Vehicle Code and authorize the California Department of Motor Vehicles to furnish your address to the holder of this Lease until this Lease is paid in full.

Lessee Initials Here ___   Co-Lessee Initials Here ___

**FORM NO. CAFL-CALIFORNIA-LZR/E (REV. 6/18)**

74795*1*HARON-FI

Page 6 of 7

10/11/2019  06:32 pm

© 2019 JPMorgan Chase Bank, N.A  Member FDIC

**40. USE OF TELEPHONE, EMAILS AND TEXT MESSAGES.** In addition to any other lawful method of communication, we and our agents and representatives may contact you regarding the origination, servicing, and collection of amounts due under this Lease at any telephone number or email address you give us or where we believe we may reach you. You give us and our agents and representatives permission to use automatic telephone dialing systems to call you, send you text messages or leave you artificial or prerecorded voice messages, at any telephone number you give us, including a telephone number for a cellular phone or mobile device or any number we obtain for you from another source. In addition, you give us permission to monitor or record telephone calls between you and us regarding this Lease.

**41. CONSUMER REPORTS AND VERIFICATION.** You agree that we may obtain one or more consumer reports (including credit reports) about you from consumer reporting agencies in connection with your application for this Lease and for the purpose of taking collection action, updating, renewing, refinancing, modifying or extending this Lease. You agree that we may also verify your employment, income, assets and debts, and you hereby authorize anyone receiving a copy of this Lease to give us such information.

**NEGATIVE CREDIT REPORTING NOTICE: We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

**42. ADDITIONAL INFORMATION AND DOCUMENTS.** Promptly upon our reasonable request, you will (a) give us any additional documents and information to allow us to verify any information provided in connection with your application for this Lease, in connection with the Vehicle or your compliance with this Lease, and (b) sign any documents necessary to effect this Lease, including, but not limited to, motor vehicles department forms.

**43. JOINT LESSEES.** If there is more than one Lessee, each Lessee is jointly and severally liable under this Lease. If we release, waive or delay in the enforcement of our rights as to one Lessee, then that will not affect our rights as to the other Lessee. We may, in our sole discretion, pay any refund or other amounts we owe you in connection with this Lease jointly to both Lessees or individually to either Lessee. Also, you agree that notice provided by us to any Lessee is effective notice to all Lessees, including you, except as otherwise required by applicable law. We may also, in our sole discretion, allow one Lessee to exercise any right under this Lease with respect to the Vehicle without the other Lessee's consent or participation and any authorization provided by any Lessee, is effective and binding on you even if you did not provide such authorization.

**44. ASSIGNMENT OF UNEARNED PREMIUMS AND CHARGES.** You assign to us any refunds of unearned premiums or charges for any insurance or optional products or services purchased as part of this Lease.

**45. LIMITED POWER OF ATTORNEY.** You hereby appoint us or our agent as your attorney-in-fact to do the following: (a) settle any insurance claim related to the Vehicle, (b) endorse your name on any check or draft we receive from your insurer or from any other party for damage to or loss of the Vehicle, and (c) to sign your name to any title, registration or other documents related to the Vehicle, for example, state motor vehicles department applications and documents. This power of attorney is coupled with an interest in the Vehicle and is not revocable as long as we have an interest in the Vehicle.

**46. ELECTRONIC EXECUTION, AUTHORITATIVE COPY AND CONVERSION TO PAPER.** This Lease and any other associated documents may be signed on paper, or signed electronically as an electronic record. (a) If this Lease is signed electronically as an electronic record, then at our option an authoritative electronic copy of this Lease ("Authoritative Copy") may be converted to paper and marked as the original by us (the "Paper Original"). Unless and until we create a Paper Original, the Authoritative Copy of this Lease: (i) will reside in a document management system designated by us or our custodian for the storage of authoritative copies of electronic records, and (ii) is held in the ordinary course of business. (b) In the event we convert the Authoritative Copy to a Paper Original, you acknowledge and agree that: (i) the electronic signing of this Lease also constitutes issuance and delivery of the Paper Original, (ii) the electronic signature(s) associated with this Lease, when affixed to the Paper Original, constitutes a legally valid and binding signature on the Paper Original, and (iii) your obligations will be evidenced by the Paper Original after the conversion.

**47. GOVERNING LAW.** Except as otherwise set forth in this Lease, this Lease will be governed by the laws of the state of the Lessor's address (as set forth in Section 1 of this Lease) and federal law, including any applicable federal law relating to the use of electronic records and signatures.

**48. GENERAL.** If we waive or delay in enforcing any of our rights, it will not be considered a waiver of any of our other rights or later rights. You acknowledge that we have not given you any tax information or advice about this Lease and that we are not passing to you any tax credit or benefit on the Vehicle. Except as otherwise set forth in the Arbitration Provision, if any provision of this Lease is determined to be unenforceable, that provision will be deemed modified as necessary to comply with law and to make the provision enforceable, and all remaining provisions of this Lease will remain in full effect. We may, at our option, apply any refunds we owe you or credits you have under this Lease to reduce any amounts you owe us under this Lease. We are not required to make any credit or refund to you in connection with this Lease if the amount of the credit or refund is less than $1.00.

---

## ARBITRATION PROVISION; PLEASE REVIEW AS THIS AFFECTS YOUR LEGAL RIGHTS

You and we agree that upon the election of either of us, any claims or disputes relating in any way to your lease account or transactions will be resolved by binding arbitration as discussed below, and not through litigation in any court (except for matters in small claims court). This arbitration agreement is entered into pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA").

Claims are subject to arbitration, regardless of what theory they are based on or whether they seek legal or equitable remedies. Arbitration applies to any and all such claims or disputes, whether they arose in the past, may currently exist, or may arise in the future. All such claims or disputes are referred to in this agreement as "Claims." However, claims relating to the scope, enforceability or validity of this agreement to arbitrate are for a court of competent jurisdiction to decide. The only exception to arbitration of Claims is that both you and we have the right to pursue a Claim in a small claims court instead of arbitration, if the Claim is in that court's jurisdiction and proceeds on an individual basis. Claims in arbitration will proceed on an individual basis, on behalf of the named parties only. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the Vehicle, to recover a deficiency balance, or for individual injunctive relief. Arbitration procedures are generally simpler than court rules, and discovery may be more limited. Certain rights that you have in court may not be available in arbitration.

YOU AND WE AGREE NOT TO: 1) SEEK TO PROCEED ON ANY CLAIM IN ARBITRATION AS A CLASS CLAIM OR CLASS ACTION OR OTHER COMPARABLE REPRESENTATIVE PROCEEDING; 2) SEEK TO CONSOLIDATE IN ARBITRATION ANY CLAIMS INVOLVING SEPARATE CLAIMANTS (EXCEPT FOR CLAIMANTS WHO ARE ON THE SAME ACCOUNT), UNLESS ALL PARTIES AGREE; 3) BE PART OF, OR BE REPRESENTED IN, ANY CLASS ACTION OR OTHER REPRESENTATIVE ACTION BROUGHT BY ANYONE ELSE; NOR 4) SEEK ANY AWARD OR REMEDY IN ARBITRATION AGAINST OR ON BEHALF OF ANYONE WHO IS NOT A NAMED PARTY TO THE ARBITRATION.

If these terms relating to class or representative procedures are legally unenforceable for any reason with respect to a Claim, then this agreement to arbitrate will be inapplicable to that Claim, and the Claim will instead be handled through litigation in court rather than by arbitration. No arbitrator shall have authority to entertain any Claim on behalf of a person who is not a named party, nor shall any arbitrator have authority to make any award for the benefit of, or against, any person who is not a named party.

The party filing a Claim in arbitration must select either: JAMS or the American Arbitration Association ("AAA") as the arbitration administrator. That organization will apply its code of procedures in effect at the time the arbitration claim is filed. If there is a conflict between that code of procedures and this arbitration provision and/or this agreement, this arbitration provision and this agreement will control. In the event that JAMS or the AAA is unable to handle the Claim for any reason, then the matter shall be arbitrated instead by a neutral arbitrator selected by agreement of the parties (or, if the parties cannot agree, selected by a court in accordance with the FAA), pursuant to the AAA rules of procedure.

The single arbitrator will conduct the arbitration and decide the Claim in accordance with all applicable substantive law, including recognized principles of equity and statutes of limitations, and will honor all claims of privilege recognized by law. The arbitrator will have the power to award to a party any damages or other relief provided for under applicable law. The arbitrator can award damages or other relief provided for by law to you or us, but not to anyone else. The arbitrator's authority is limited to the Claims between you and us.

A party can file a written appeal to the arbitration administrator within 30 days of award issuance. The appeal must request a new arbitration in front of three neutral arbitrators designated by the same arbitration administrators. The panel will reconsider all factual and legal issues, following the same rules of procedure, and will make decisions based on majority vote. Any arbitration decision and award will be final and binding on the named parties and enforceable by any court having jurisdiction.

We will pay any costs that are required to be paid by us under the arbitration administrator's rules of procedure. Even if not otherwise required, we will reimburse you up to $500 for any initial arbitration filing fees you have paid. We will also pay any fees of the arbitrator and arbitration administrator for the first two days of any hearing. If you win the arbitration, we will reimburse you for any fees you paid to the arbitration organization and/or arbitrator. All other fees will be allocated according to the arbitration administrator's rules and applicable law.

Rules and forms may be obtained from, and Claims may be filed with JAMS (800.352.5267 or jamsadr.com) or the AAA (800.778.7879 or www.adr.org). Arbitration hearings will take place in the federal judicial district that includes your address at the time the Claim is filed, unless the parties agree to a different place.

---

# EXHIBIT C

CUSTOMER #: 19078
UNIT# J4260

**104411**

**HARON**

JAGUAR    LAND ROVER

**HARON MOTOR SALES, INC.**
SALES, PARTS AND SERVICE
www.haron.com

INVOICE

JOSLYNN FAITH DELGADO

SANGER, CA 93657                    PAGE 1
HOME:559-356-2979  CONT:559-356-2979
BUS:          CELL:559-356-2979

2222 Ventura St.
Fresno, CA 93721
Phone: (559) 237-5533
Fax: (559) 237-3673

SERVICE ADVISOR: 71 TOMMY D SIMPSON

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|---|---|---|---|---|---|---|
| SANTORINI | 20 | JAGUAR F-PACE PRESTI | SADCM2FV9LA626634 | 8MUK458 | 19811/19901 | T7276 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 11OCT19 IS | | | | | | | |
| 11OCT19 DD | | 10OCT2024 | 18:00 28SEP22 | | 195.00 | CASH | 30SEP22 |

| R.O. OPENED | READY | OPTIONS: SOLD-STK:J4260 DLR:. ENG:3.0_Liter |
|---|---|---|
| 15:38 26SEP22 | 13:23 30SEP22 | TRN:8_SPEED_AUTOMATIC |

LINE OPCODE TECH TYPE HOURS                              LIST      NET     TOTAL

A Jaguar Multipoint Inspection
     JMPI Jaguar Multipoint Inspection
          187 IJAG                                                        (N/C)
          ***************************************************************
B CUSTOMER STATES THE CHECK ENGINE INDICATOR IS ON AGAIN, SEE HISTORY
          AND ADVISE, SEEMS TO COME ON WHILE ON LONG TRIPS OF 200 MILES
          OR MORE, ALSO FEELS ITS RUNNING A LITTLE ROUGH.
CAUSE: OXYGEN SENSOR FAILURE
     183167 HEATED OXYGEN SENSOR (HO2S) - POST
          CATALYST - LEFT BANK/EACH - RENEW
          187WPJ94                                                        (N/C)
          1 T2H48049 SENSOR-OXYGEN                                        (N/C)
     851806 READ AND CLEAR FAULT CODES
          187WPJ94                                                        (N/C)
     FC: ED PART#: COUNT:
     CLAIM TYPE:   11
     AUTH CODE:
     VW*MC1
19811 CONFIRMED COMPLAINT, CONNECTED TO BATTERY MAINTAINER AND
SCANNED FOR CODES, FOUND CODE P0173-00. PERFORMED LIVE DATA AND FOUND
THE O2 SENSOR BANK 2 SENSOR 3 TO NOT BE READING CORRECTLY CAUSING A
FALSE FUEL TRIM CODE, REPLACED SENSOR AND PERFORMED PCM ADAPTION CLEAR,
DROVE VEHICLE 40 MILES TO SET MONITORS, RESCANNED FOR CODES NOT CODES
FOUND AT THIS TIME. 9-29-22 ROAD TESTED VEHICLE ADDITIONAL 50 MILES,
STILL NO ENGINE INDICATOR, RELEASED BACK TO CUSTOMER
          ***************************************************************
C TIRE-PERFORM STATE OF CALIFORNIA REQUIRED TIRE INFLATION SERVICE
     TIRE TIRE-PERFORM STATE OF CALIFORNIA REQUIRED
          TIRE INFLATION SERVICE
          187 IJAG                                                        (N/C)
19811
SET TIRE PRESSURE TO
FRONT ____
REAR

| Original Estimate (Parts & Labor) | Total Additional Cost Authorized | Approved By: | Date & Time | Authorization Obtained By: |
|---|---|---|---|---|
| $ | $ | | | ☐ Telephone<br>☐ Fax (See Attached)<br>☐ E-mail (See Attached) |
| Revised Estimate | | | | ☐ Telephone<br>☐ Fax (See Attached)<br>☐ E-mail (See Attached) |
| $ | $ | | | |

☐ Tire pressure check/inflation service was performed.
  RF ___ psi LF ___ psi RR ___ psi LR ___ psi
☐ Customer declined tire pressure check/inflation service.       Initials ___

By signing below, you acknowledge that you were notified of and authorized he
Dealership to perform the services/repairs itemized in this Invoice and that you received
(or had the opportunity to inspect) any replaced parts as requested by you.

DATE          CUSTOMER SIGNATURE          AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE

**\* HAZARDOUS WASTE DISPOSAL COSTS** We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substances under California and Federal Law.

**ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED.**
☐ **Some Parts Not Returnable**

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | |
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| WASTE DISPOSAL COSTS * | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| **PLEASE PAY THIS AMOUNT** | |

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**

DealerCAP 2014 CDK Global, LLC  (01/17) SERVICE INVOICE TYPE 2 - S2C - "LIMITED WARRANTY" - CALIFORNIA - 9698023

B.A.R. REG.#ARD00031261          EPA# CAL000007042

**CUSTOMER COPY**

CUSTOMER #: 19078
UNIT# J4260

**104411**

JOSLYNN FAITH DELGADO

INVOICE

SANGER, CA 93657
HOME:559-356-2979 CONT:559-356-2979
BUS:                CELL:559-356-2979

**HARON**
JAGUAR  LAND ROVER
**HARON MOTOR SALES, INC.**
SALES, PARTS AND SERVICE
www.haron.com

2222 Ventura St.
Fresno, CA 93721
Phone: (559) 237-5533
Fax: (559) 237-3673

PAGE 2

SERVICE ADVISOR: 71 TOMMY D SIMPSON

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|---|---|---|---|---|---|---|
| SANTORINI | 20 | JAGUAR F-PACE PRESTI | SADCM2FV9LA626634 | 8MUK458 | 19811/19901 | T7276 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 11OCT19 IS | | | | | | | |
| 11OCT19 DD | | 10OCT2024 | 18:00 28SEP22 | | 195.00 | CASH | 30SEP22 |

| R.O. OPENED | READY | OPTIONS: SOLD-STK:J4260 DLR:. ENG:3.0_Liter |
|---|---|---|
| 15:38 26SEP22 | 13:23 30SEP22 | TRN:8_SPEED_AUTOMATIC |

LINE  OPCODE  TECH  TYPE  HOURS                                  LIST        NET        TOTAL

D CUSTOMER REQUEST SERVICE 103E FACTORY INCLUDED.
CAUSE: FACTORY SCHEDULED SERVICE
     10211288 48,000 MILE (78,000 KM) ROUTINE SERVICE
             - NAS ONLY
             187 WSMJ                                                              (N/C)
           1 C2D3670 FILTER-OIL                                                    (N/C)
           1 JAGDOT4 DOT 4 BRAKE FLUI                                              (N/C)
           8 0-20 OIL,CASTROL EDGE PRO                                            (N/C)
     FC: AK PART#: COUNT:
     CLAIM TYPE:  18
     AUTH CODE:
     103EX*
  19811 performed lof. replaced oil filter and o-ring. topped off
  coolant and washer fluid.
                 ****************************************************

  ***************************************************************
  ESTIMATE: 0.00            26SEP22 15:38  SA: 71
     CONTACT:
  ***************************************************************

| Original Estimate (Parts & Labor) | Total Additional Cost Authorized | Approved By: | Date & Time | Authorization Obtained By: |
|---|---|---|---|---|
| $ | $ | | | ☐ Telephone ☐ Fax (See Attached) ☐ E-mail (See Attached) |
| Revised Estimate | | | | ☐ Telephone ☐ Fax (See Attached) ☐ E-mail (See Attached) |
| $ | $ | | | |

☐ Tire pressure check/inflation service was performed.
RF____psi LF____psi RR____psi LR____psi
☐ Customer declined tire pressure check/inflation service.    Initials____

By signing below, you acknowledge that you were notified of and authorized the Dealership to perform the services/repairs itemized in this Invoice and that you received (or had the opportunity to inspect) any replaced parts as requested by you.

DATE        CUSTOMER SIGNATURE        AUTHORIZED DEALERSHIP REPRESENTATIVE SIGNATURE

**\* HAZARDOUS WASTE DISPOSAL COSTS** We have added this charge to cover costs associated with the handling, management and disposal of toxic wastes or hazardous substances under California and Federal Law.

**ALL PARTS ARE NEW UNLESS OTHERWISE INDICATED.**
☐ Some Parts Not Returnable

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | 0.00 |
| PARTS AMOUNT | 0.00 |
| GAS, OIL, LUBE | 0.00 |
| SUBLET AMOUNT | 0.00 |
| WASTE DISPOSAL COSTS * | 0.00 |
| TOTAL CHARGES | 0.00 |
| LESS INSURANCE | 0.00 |
| SALES TAX | 0.00 |
| **PLEASE PAY THIS AMOUNT** | 0.00 |

**NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK.**

DealerCAP  2014 CDK Global, LLC  (01/17) SERVICE INVOICE TYPE 2 - S2C - "LIMITED WARRANTY" - CALIFORNIA - 9698023

B.A.R. REG.#ARD00031261        EPA# CAL000007042

**CUSTOMER COPY**

# EXHIBIT D

1  | BOWMAN AND BROOKE LLP
   | Brian Takahashi (SBN: 146505)
2  | Theodore Dorenkamp III (SBN: 277004)
   | Bryan A. Reynolds (SBN: 296434)
3  | 970 West 190th Street, Suite 700
   | Torrance, California 90502
4  | Tel No:    310/ 768-3068
   | Fax No:   310/ 719-1019
5  |
   | Attorneys for Defendants
6  | JAGUAR LAND ROVER NORTH AMERICA, LLC

7

8  | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  | **FOR THE COUNTY OF FRESNO**

10

11 | ARMANDO CERVANTES, an          ) **CASE NO.:  23CECG01885**
   | individual and JOSLYNN FAITH   )
12 | DELGADO, an individual         ) Assigned to:  Hon. Kristi Culver Kapetan
   |                                ) Department:  502
13 |                Plaintiffs,     )
   |                                ) **DEFENDANT JAGUAR LAND ROVER**
14 |      vs.                       ) **NORTH AMERICA, LLC'S ANSWER TO**
   |                                ) **PLAINTIFFS' COMPLAINT; DEMAND FOR**
15 | JAGUAR LAND ROVER NORTH        ) **JURY TRIAL**
   | AMERICA, LLC., a Delaware Limited )
16 | Liability Company, and DOES 1  ) Action Filed:  May 17, 2023
   | through 10, inclusive,         ) Trial:
17 |                                )
   |                Defendants.     )
18 |                                )
   |                                )
19

20 |        Defendant Jaguar Land Rover North America ("JLRNA"), for itself alone and for

21 | no other parties, hereby answers plaintiffs' Complaint ("Complaint") as follows:

22 |        1.      Under the provisions of section 431.30(d) of the California Code of Civil

23 | Procedure, JLRNA denies each and every allegation, both specifically and generally, of

24 | each cause of action contained in plaintiffs' Complaint on file herein and the whole

25 | thereof and denies that plaintiffs were damaged in any sum or sums, or at all.

26 |                        <u>**FIRST AFFIRMATIVE DEFENSE**</u>

27 |                       **(FAILURE TO STATE A CAUSE OF ACTION)**

28 |        2.      Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of

1  action against JLRNA.

2  ## SECOND AFFIRMATIVE DEFENSE

3  ## (NO TIMELY REVOCATION OF ACCEPTANCE)

4      3.    Assuming an implied warranty obligation from JLRNA, plaintiffs have no

5  rescission or restitution remedy because there was no timely revocation of acceptance

6  following any alleged breach of the implied warranty.

7  ## THIRD AFFIRMATIVE DEFENSE

8  ## (DURATION OF IMPLIED WARRANTY – NEW VEHICLE)

9      4.    Assuming an implied warranty obligation from JLRNA, the implied

10  warranty duration for a new vehicle is only one year.  Civil Code Section 1791.1(c).

11  ## FOURTH AFFIRMATIVE DEFENSE

12  ## (IMPROPER FORUM)

13      5.    JLRNA contends that this matter should be brought in arbitration pursuant

14  to the arbitration agreement signed by plaintiffs at the time of sale, and thus is currently

15  in the improper forum.

16  ## FIFTH AFFIRMATIVE DEFENSE

17  ## (THIRD PARTY RESOLUTION)

18      6.    JLRNA maintains a qualified third-party dispute resolution process,

19  consequently, Plaintiffs have no claim for civil penalty for failure to maintain a qualified

20  dispute resolution process.  Suman v. BMW of North America, Inc. 23 Cal.App.4th 1

21  (1994).

22  ## SIXTH AFFIRMATIVE DEFENSE

23  ## (CIVIL CODE § 1793.2(b))

24      7.    JLRNA is informed and believes, and on that basis alleges, to the extent

25  Plaintiffs allege that JLRNA's authorized repair facilities took more than 30 days to

26  commence or perform repairs, conditions beyond JLRNA's control were responsible for

27  any such delay.

28  / / /

1

## EIGHTH AFFIRMATIVE DEFENSE

2

### (STATUTE OF LIMITATIONS)

3      9.      JLRNA is informed and believes, and on that basis alleges, that some or

4  all of plaintiffs' claims may be barred by the applicable statute of limitations in Code of

5  Civil Procedure section 312 *et seq*.

6

## NINTH AFFIRMATIVE DEFENSE

7

### (UNREASONABLE OR UNAUTHORIZED USE)

8      10.     JLRNA is informed and believes some of plaintiffs' concerns may have

9  been caused by unreasonable or unauthorized use. (Civil Code Section 1794.3.)

10

## TENTH AFFIRMATIVE DEFENSE

11

### (MISUSE, ABUSE, IMPROPER MAINTENANCE, OR OTHER EXCLUSION)

12      11.     JLRNA is informed and believes, and on that basis alleges, that plaintiffs

13  and/or others misused, abused and improperly cared for and maintained the Subject

14  Vehicle, therefore, some or all of plaintiffs' nonconformities were or should have been

15  excluded from coverage. Specifically, JLRNA alleges that after appropriate discovery,

16  one or more of the stated specific warranty exclusions may be applicable.

17

## ELEVENTH AFFIRMATIVE DEFENSE

18

### (ADDITIONAL AFFIRMATIVE DEFENSES)

19      14.     JLRNA alleges that it may have additional affirmative defenses available

20  that are not now fully known. JLRNA reserves the right to assert additional affirmative

21  defenses after they have been determined.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER TO PLAINTIFFS'
COMPLAINT; DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, Jaguar Land Rover North America, LLC prays for judgment as follows:

1.    For dismissal of Plaintiffs' Complaint with prejudice;

2.    For judgment in favor of JLRNA and against Plaintiffs;

3.    For the costs of suit herein; and,

4.    For such other and further relief as the Court may deem just and proper.

DATED:  June 26, 2023          BOWMAN AND BROOKE LLP

BY:   _____
Brian Takahashi
Theodore Dorenkamp III
Bryan A. Reynolds
Attorneys for Defendants
JAGUAR LAND ROVER NORTH
AMERICA, LLC

DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER TO PLAINTIFFS'
COMPLAINT; DEMAND FOR JURY TRIAL

## <u>DEMAND FOR JURY TRIAL</u>

Defendant Jaguar Land Rover North America, LLC., hereby demands a trial by jury.

DATED:  June 26, 2023                    BOWMAN AND BROOKE LLP

                                         BY:  _____

                                              Brian Takahashi
                                              Theodore Dorenkamp III
                                              Bryan A. Reynolds
                                              Attorneys for Defendants
                                              JAGUAR LAND ROVER NORTH
                                              AMERICA, LLC

# PROOF OF SERVICE
*CCP 1013A(3)*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502-1091.

On June 26, 2023, I served the foregoing document described as ***DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL*** on all interested parties in this action via the method described below:

## SEE ATTACHED SERVICE LIST

( )    **BY MAIL (CCP §1013(a) and §2015.5):** As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit

( )    **BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (CCP §1013(a) and §2015.5):** I sealed such document(s) in separate envelopes for each addressee and deposited each for collection and mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

(**XX**)    **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

( )    **BY PERSONAL SERVICE (CCP §1011 and §2015.5):** I caused to be delivered such envelope by hand to the addressee.

Executed on June 26, 2023, at Torrance, California.

(**X**) (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Bodara Williams

DEFENDANT JAGUAR LAND ROVER NORTH AMERICA, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL

<u>**SERVICE/MAILING LIST**</u>

<u>**Armando Cervantes, et al. vs. Jaguar Land Rover North America, LLC**</u>
County of Fresno Superior Court Case No: 23CECG01885


Michael H. Rosenstein, Esq.
Sepehr Daghighian, Esq.
Alastair F. Hamblin, Esq.
CALIFORNIA CONSUMER
ATTORNEYS, P.C.
10866 Wilshire Boulevard, Suite 1200
Los Angeles, California 90024

**Attorneys for Plaintiff**

Tel:      310/ 872-2600
Fax:     310/ 730-7377
Email:   mhr@calattorneys.com
         sd@calattorneys.com
         afh@calattorneys.com
         eservice@calattorneys.com